UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jessica Jones,

    Plaintiff,

v.                                                                   Civil Action No. 17-10198

The University of Phoenix, Inc., *et al.*,      Sean F. Cox
                                                          United States District Court Judge

    Defendants.
_____/

## **OPINION & ORDER**

Plaintiff filed this action asserting claims against Defendants after she had filed for bankruptcy. She now seeks leave to file an amended complaint that would either add the bankruptcy trustee as a plaintiff or substitute the trustee as the plaintiff. The motion has been fully briefed and the Court heard oral argument on August 3, 2017. For the reasons set forth below, the Court shall GRANT the motion to the extent that the Court shall allow Plaintiff's Counsel to file an amended complaint that substitutes the bankruptcy trustee as the plaintiff in this action.

## **BACKGROUND**

The motion before the Court involves both this case and a bankruptcy case that was filed by the Plaintiff, prior to filing this case.

### **A.    Procedural History In This Case**

Acting through Counsel, Stephen Thomas, Plaintiff Jessica Jones ("Jones") filed this action on January 20, 2017. Jones's original complaint asserted claims against Defendant The University of Phoenix, Inc. ("the University") under the Telephone Consumer Protection Act

1

("TCPA") and a Michigan statute, alleging that unlawful harassing collection telephone calls had been made to her cellular telephone.

On April 28, 2017, Jones filed an Amended Complaint, that added Optio Solutions, LLC d/b/a ("Optio") as a Defendant. The Amended Complaint alleges that Optio acted on behalf of the University.

On June 1, 2017, this Court held a scheduling conference with the parties. Later that same day, Jones filed a Motion for Leave to File Amended Complaint, wherein she states that "Defense counsel has objected to the bankruptcy trustee not being a party plaintiff" and requesting "that the trustee be added as a party plaintiff, or, in the alternative, substituted as a party plaintiff, with the understanding that in either event the proceeds of this action are subject to the order of the Bankruptcy Court." (D.E. No. 12 at 1 & 5).

On June 15, 2017, Defendants filed a response brief opposing the Motion to Amend. In addition to opposing the filing of an amended complaint, however, the response brief also seeks affirmative relief from the Court – it asks this Court to dismiss Jones's original complaint too. Because that response brief improperly combined a motion within it, this Court issued an order instructing Defendants that they must file a motion to dismiss if they are asking the Court to dismiss Jones's original complaint. (*See* D.E. No. 17).

On July 25, 2017, Defendants filed a motion to dismiss. (D.E. No. 19). That motion repeats the arguments made in Defendants' response in opposition to the motion seeking to amend the complaint, and asks the Court to dismiss this action outright.

**B.     Relevant History In Bankruptcy Case**

Jones filed a Chapter 7 Voluntary Petition for Bankruptcy on March 18, 2016, in the

United States Bankruptcy Court for the Eastern District of Michigan. That bankruptcy case, Case No. 17-44072 was assigned to Judge Thomas Tucker. An Order discharging the debtor (Jones) was filed on June 29, 2016.

On October 18, 2016, however, Bankruptcy Trustee Karen Evangelista filed a Motion to Reopen that case, stating that while she previously believed there were no assets for the estate, after the action was closed she learned that Jones may have a FDCPA claim. She asked the bankruptcy court to reopen the bankruptcy case because that asset may be a benefit to the estate. That motion was granted on November 8, 2016, and the bankruptcy case was reopened.

The identified assets in the bankruptcy case, as of November 18, 2016, include a claim against the University in an unknown amount. (*See* Defs.' Ex. 9 at Pg ID 253).

On June 22, 2017, the Trustee filed an ex parte application for authority to employ special counsel. (*See* D.E. No. 16-1, exhibit to Pl.'s Reply Br.). That application states that the Trustee wants the bankruptcy court to authorize her to hire Stephen Thomas (the attorney who filed Jones's civil case) to pursue the FDCPA/TCPA action on behalf of the bankruptcy estate.

## ANALYSIS

In the pending Motion for Leave to File Amended Complaint, Plaintiff's counsel asks "that the trustee be added as a party plaintiff, or, in the alternative, substituted as a party plaintiff, with the understanding that in either event the proceeds of this action are subject to the order of the Bankruptcy Court." (D.E. No. 12 at 1 & 5).

Defendants oppose the motion, asserting that: 1) the motion should be denied because Jones lacks standing to assert claims in this action because the claims belong to the bankruptcy estate; and 2) the motion should be denied as futile because Jones is judicially estopped from

3

pursuing her claims because she failed to list them as assets of her estate in the bankruptcy proceeding.

**A.     The Court Shall Allow An Amended Complaint To Be Filed That Substitutes The Trustee As The Plaintiff In This Action.**

The Court shall GRANT the motion for leave to file an amended complaint, to the extent that it shall allow Plaintiff's Counsel to file an amended complaint that substitutes the bankruptcy trustee as the plaintiff in this action.

In *Bauer*, the Sixth Circuit explained that "the trustee in bankruptcy acts as representative of the estate" and, therefore:

> It is the trustee who "has capacity to sue and be sued." 11 U.S.C. § 323(b). *See also* Bankr.P.R. 6009. "It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate." *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181-82 (S.D. Miss. 1986). The debtor has no standing to pursue such causes of action. *Matter of Tvorik*, 83 B.R. 450, 456 (Bankr. W.D. Mich. 1988).

*Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir. 1988).

The case law also reflects that where, as here, a debtor originally files a civil action asserting a claim that rightfully belongs to the bankruptcy case, the district court may allow the complaint to be amended to substitute the bankruptcy trustee as the plaintiff. *See Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902 (6th Cir. 2012).

In *Auday*, the debtor (Auday) filed an employment discrimination action against her former employer after she had filed bankruptcy. The district court granted judgment on the pleadings in favor of the defendant employer, holding that "Auday's failure to list a potential claim on her bankruptcy petition barred her from bringing the claim later" and did not address

4

the defendant's other argument, that Auday lacked standing.

On appeal, the Sixth Circuit reversed the trial court's ruling. In doing so, it noted that the threshold issue of standing should have been addressed first. *Id*. at 904. The Sixth Circuit explained that "[w]hen Auday filed for bankruptcy, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition." *Id*. It explained that, absent abandonment of the discrimination claim by the trustee, Auday would have no standing to pursue the claim. The Sixth Circuit noted there was no abandonment of the claim by the trustee – as the trustee had "sought permission from the bankruptcy court to appoint counsel to pursue the claim." *Id*. The Court explained that the attorney who would represent the trustee in the employment discrimination case was also the attorney who had represented Auday in that case initially, but that did not matter. *Id*. at 904-05 ("That Pinchak also happened to be Auday's lawyer for the claim against Wet Seal makes no difference. Parties, not lawyers, possess claims."). The Sixth Circuit remanded the matter to the district court "for the purpose of either dismissing the case without prejudice or of allowing Auday to amend the complaint to substitute the Trustee as the plaintiff." *Id*. at 905-06.[1]

This Court concludes that, under *Auday*, Plaintiff's Counsel should be allowed to file an amended complaint that substitutes the bankruptcy trustee as the plaintiff in this action.

**B.    The Court Shall Allow Defendants To File A Response To Plaintiff's Motion To Transfer Case to Bankruptcy Judge Thomas Tucker.**

On July 27, 2107, Plaintiff's Counsel file a Motion to Transfer Case to Bankruptcy Judge

---

[1]The Sixth Circuit also explained that it was "by no means clear that the doctrine of judicial estoppel applies when a trustee brings a claim." *Id.* at 905.

5

Thomas Tucker. (D.E. No. 20).

While that motion appears to have merit, the Court shall allow Defendants to file a response to the motion before making its ruling. Any response to that motion shall be filed no later than August 10, 2017.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion to Amend is **GRANTED** to the extent that the Court shall allow Plaintiff's Counsel to file an amended complaint that substitutes the bankruptcy trustee as the plaintiff in this action. Counsel shall file such an amended complaint no later than **August 10, 2017.**

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that any response to Plaintiff's Motion to Transfer Case to Bankruptcy Judge Thomas Tucker shall be filed no later than **August 10, 2017.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 4, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager